United States District Court
Southern District of Texas
**ENTERED**
April 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| KAYLA GARZA *et al.* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-CV-96 |
| | § | |
| LA SALLE COUNTY AND MIGUEL AYALA | § § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court for proposed approval is the settlement of the claims of A.G. and K.G., minor Plaintiffs. (Dkt. No. 20). The Court appointed attorney Donato D. Ramos Jr., as guardian ad litem for minor Plaintiffs. (Dkt. No. 24 at 3). A hearing was held on the proposed settlement on April 1, 2025. (Min. Entry Apr. 1, 2025). For the reasons stated below, the Court **RECOMMENDS** that the District Court **APPROVE** the proposed settlement as it pertains to minor Plaintiffs A.G. and K.G.

### I.   BACKGROUND

On September 4, 2023, Plaintiff Roxana Garza ("Plaintiff Garza") filed this suit individually and as next friend of Minor Plaintiffs A.G. and K.G, along with her adult children Kayla Garza, Kiana Garza, and Kyrssa Garza. (Dkt. No. 1). In their complaint, Plaintiffs alleged that Defendants were responsible for the death of Antonio Garza, III, in violation of the Fourteenth Amendment. (*Id.* at 4–10). On February 7, 2025, Defendants filed an advisory notifying the Court that the parties reached settlement as to all claims. (Dkt. No. 20 at 1).

## II.   LEGAL STANDARD

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Del Bosque v. AT&T Advert., L.P.*, 441 Fed. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). When determining whether a proposed settlement should be approved, courts should evaluate whether the "proposed settlement is . . . 'fair, adequate, and reasonable and . . . not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

## III.   DISCUSSION

At the April 1, 2025, hearing, the parties presented a Proposed Settlement Agreement and Release and a disbursement breakdown. (Dkt. Nos. 28-1, 28-2). Under the terms of the agreement, the total settlement amount to be received by Plaintiffs is $300,000.00. (Dkt. No. 28-2 at 1). Counsel for minor Plaintiffs would receive as compensation for their services a contingent fee of 1/3 of the total settlement amount (i.e. $100,000,00). (*Id.*). An additional $18,800.00 would be reduced from the total settlement in the form of case expenses, making the total settlement amount to be received by Plaintiffs $181,200.00. (*Id.*). The total amount to be received by Plaintiffs is to be divided equally among all Plaintiffs, including Minor Plaintiffs who would receive $30,200.00 each to be deposited into the Registry of the Court until the minors reach the age of 18. (*Id.*).

The guardian ad litem explained that he believed that the proposed settlement

terms are fair and reasonable. (Hrg. at 1:23:05–1:23:15). He explained that he believed that the settlement was in the minor Plaintiffs' best interest. (Hrg. at 1:23:17–1:23:22). Plaintiff Garza testified under oath that she is the biological parent and legal guardian of minor Plaintiffs A.G. and K.G. (Hrg. at 1:23:25–1:23:50). Plaintiff Garza further testified that she seeks approval of the settlement on behalf of minor Plaintiffs. (Hrg. at 1:26:40–1:26:48). She testified that she understood that the settlement funds being distributed to minor Plaintiffs are for the benefit of minor Plaintiffs and will only be released upon order of the Court. (Hrg. at 1:24:30–1:24:50). She testified that she understood that she has a right to a jury trial and agrees that settlement is in the best interest of the minor Plaintiffs. (Hrg. at 1:26:20–1:26:41). She testified that she is satisfied with her attorney's representation on the matter. (Hrg. at 1:25:50–1:26:00).

After independent review of the settlement agreement, (Dkt. No. 48-1), the guardian ad litem's Report, (Dkt. No. 25), Plaintiffs' Memorandum in Support of Approval of Minor Plaintiffs' Claims, (Dkt. No. 29), and the representations made by the parties at the hearing, the Undersigned **FINDS** that the proposed settlement agreement is fair, reasonable, and is in the minor Plaintiffs' best interests. The Undersigned further **FINDS** that the guardian ad litem's report is accurate. Additionally, the Undersigned **FINDS** that placing the minor Plaintiffs' Settlement into the Registry of the Court is in the best interest of minor Plaintiffs. Finally, the Undersigned **FINDS** that the amount of $1,500.00 is reasonable and necessary to

compensate Mr. Ramos for his services as guardian ad litem for minor Plaintiffs.[1]

For the foregoing reasons, the Undersigned **RECOMMENDS** the District Court **APPROVE** the proposed settlement agreement as it pertains to minor Plaintiffs A.G. and K.G. The Undersigned further **RECOMMENDS** that the District Court **DISCHARGE** Mr. Ramos from his duties as guardian ad litem. Additionally, the Undersigned **RECOMMENDS** that the District Court **ORDER** that Mr. Ramos be paid a fee in the amount of $1,500.00 as reasonable and necessary fees and expenses incurred by him, to be assessed as taxable costs of court against Defendant.

### IV.   PARTIES' WAIVER OF OBJECTIONS AND REQUEST TO ADOPT THIS REPORT

At the close of the hearing, Plaintiff Garza, the Minor Plaintiffs, and Defendants, through their counsel and guardian ad litem, waived their right to object to this Report and Recommendation and requested that the District Court accept the findings and recommendations in this report. (Hrg. at 1:28:00–1:29:58). Therefore, the District Court may act on this Report immediately.

**SIGNED** this 15th day of April, 2025.

Christopher dos Santos
United States Magistrate Judge

---

[1] Defendants agreed that $1,500.00 was reasonable and necessary to compensate Mr. Ramos at the hearing. (Hrg. at 1:27:15–1:27:35).